IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 04-cr-00180-WDM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GWEN BERGMAN,

      Defendant.

_____

**MOTION TO DETERMINE COMPETENCY OF DEFENDANT**
_____

Comes now the Defendant, Gwen Bergman, by and through her attorney, Edward A. Pluss, Assistant Federal Public Defender, and moves to pursuant to 18 U.S.C. § 4241 for a hearing to determine the mental competency of the Defendant, and that a psychiatric or psychological examination of the Defendant be conducted and a psychiatric or psychological report be filed with the court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c) and as grounds therefore states as follows:

    1.    Undersigned counsel states there is reasonable cause to believe the Defendant may presently be suffering from mental disease of defect rendering her

mentally incompetent to the extent she is unable to fully understand the nature and consequences of the proceedings against her and/or to assist properly in her defense.

2. In addition, the Defendant has made various requests of Undersigned Counsel that she be allowed the Court to represent herself and to proceed *pro se* as authorized by *Fretta v. California*, 422 U.S. 806 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975). Before the court can allow the Defendant to act as her own counsel and to proceed *pro se*, the court must determine that the Defendant is competent to proceed, since the Defendant's decision to waive counsel must be knowing, voluntary and competent before it can be recognized. *United States v. Boigegrain*, 155 F.3d 1181, 1185 (10th Cir. 1998). (A copy of the *United States v. Boigegrain* is attached hereto for the Court's convenience).

3. Undersigned Counsel is raising the issue of the Defendant's competency over the Defendant's objection. However, as indicated Undersigned Counsel has substantial medical evidence that the Defendant may well be incompetent to proceed. When counsel has evidence that the Defendant may be incompetent, the defendant's counsel has a professional and ethical duty to raise the issue of competency. *Id.* at 1188.

WHEREFORE, the Defendant prays for an order that the Defendant be evaluated for competency pursuant to 18 U.S.C. § 4241 consistent with the provisions of 18 U.S.C. § 4247(b) and (c) and to thereafter set the matter for a competency hearing, and for such other and further relief that is just and proper.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


s/ Edward A. Pluss
Edward A. Pluss
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Pluss@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2006, I electronically filed the foregoing **MOTION TO DETERMINE COMPETENCY OF DEFENDANT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    David Conner, Assistant U.S. Attorney
    email: dave.conner@usdoj.gov


    Gwen Bergman  (Via Mail)
    c/o Douglas County Jail
    4000 Justice Way
    Castle Rock, CO   80104


                        s/ Edward A. Pluss
                        Edward A. Pluss
                        Assistant Federal Public Defender
                        633 17th Street, Suite 1000
                        Denver, CO  80202
                        Telephone:  (303) 294-7002
                        FAX:  (303) 294-1192
                        Edward_Pluss@fd.org
                        Attorney for Defendant