IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 04-cr-00180-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GWEN BERGMAN,

    Defendant.

_____

**ORDER**
_____

    This matter is before me on the defendant's Motion to Determine Defendant's Competency, filed October 18, 2006 (doc. no. 121).  By order dated November 2, 2006, I ordered that a special attorney be appointed to represent the defendant in proceedings concerning her competency and that a psychiatric or psychological examination of defendant be conducted pursuant to statute (doc. no. 142).  By order dated January 5, 2007, I appointed Dr. Susan Bograd to conduct the examination, prepare a report and file the same with the court.  (Doc. no. 172).

    A hearing on competency was held on February 22, 2007.  Two forensic psychiatrists, Karen Fukutaki, and Susan Bograd, testified, as did the defendant.  Both psychiatrists opined that defendant suffers from a mental disease or defect making her incompetent to stand trial because she is unable to properly assist in her defense.

PDF FINAL

Defendant disagreed.  Following review of the reports and consideration of all testimony and arguments by counsel, I find and conclude by a preponderance of the evidence that the defendant, Gwen Bergman, currently suffers from a mental disease or defect rendering her mentally incompetent to properly assist in her defense.

Accordingly, it is ordered, pursuant 18 U.S.C. § 4241(d):

1.  Defendant is committed to the custody of the Attorney General;

2.  The Attorney General shall hospitalize defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as may be necessary to determine whether there is a substantial probability in the foreseeable future that defendant will obtain the capacity to permit her to proceed to trial;

3.  Before the expiration of the four month period, the director of the facility in which defendant is hospitalized pursuant to this order shall file a report whether or not the defendant's mental condition has improved so as to permit trial to proceed;

4.  If it is determined that the defendant has not so improved as to permit the trial to proceed, the court shall be advised and the matter shall proceed in accordance with 18 U.S.C. § 4246.

5.  Pursuant to 18 U.S.C. § 3161(h)(1)(A) all periods of time since the filing of defendant's motion on October 18, 2006, until the defendant is determined by this court to be competent to proceed to trial, are excluded the determination of speedy trial deadlines.

DATED at Denver, Colorado, on March 6, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge