IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 04-cr-180-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GWEN BERGMAN,

    Defendants.

---

### ORDER ON MOTION FOR NEW TRIAL

---

    This matter comes before me on Defendant's Motion for New Trial Based on Newly Discovered Evidence (ECF No. 631). The United States opposes the motion. I have reviewed the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, I will deny the motion and direct Defendant to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 to assert these arguments.

    The complex history of this case, including its multiple appeals[1], is set forth in my previous orders, in particular, my May 5, 2011 Findings and Conclusions (ECF No. 629), and in the most recent order of the Court of Appeals for the Tenth Circuit

---

[1] In *United States v. Bergman*, 191 Fed.Appx. 762, 2006 WL 2338069 (10th Cir. 2006) (*Bergman I*), the Tenth Circuit vacated Defendant's original plea agreement, convictions, and sentences because she had not confessed facts that established the offenses to which she had pled guilty.

remanding the case for further proceedings in *United States v. Bergman*, 599 F.3d 1142 (10th Cir. 2010) (*Bergman II*).  I review the most pertinent background facts for the purposes of resolving the issues before me now.

As noted in *Bergman II*, after Defendant successfully appealed her original conviction pursuant to a plea bargain, questions arose on remand regarding her competency.  Before a competency hearing was held, Defendant retained Howard Kieffer to represent her.  Unknown to Defendant and the court at the time, however, Kieffer was a fraud, having never graduated from college or any law school; he also never took the bar exam and was not properly admitted to any bar.  *Bergman II*, 599 F.3d at 1146 n. 1.  Kieffer purported to represent Defendant in the October 2007 competency hearing and, thereafter, in a trial to the court in May 2008.  At trial, Kieffer was assisted by E.J. Hurst, II.  Hurst, unlike Kieffer, is apparently a properly licensed attorney.  Defendant was convicted on two of three counts of the superseding indictment.  However, before sentencing, Kieffer's fraud was revealed and I invited to parties to advise me as to whether to declare a mistrial.  Hurst, still representing Defendant, did not request a mistrial or a new trial.  Thereafter, Hurst was permitted to withdraw and was replaced by appointed counsel, who also did not file a motion for a new trial.

On appeal, the Tenth Circuit in *Bergman II* examined the novel Sixth Amendment implications where a criminal defendant is represented by a person who has never attended law school, or even college, and whose lack of admission to the bar is due not to some technical failure but wholesale fraud. The Tenth Circuit adopted a "*narrow* per se rule of ineffectiveness where a defendant is, unbeknownst to him, represented by

2

someone who has not been admitted to any bar based on his 'failure to ever meet the substantive requirements of the practice of law.'" 599 F.3d at 1148 (quoting *Solina v. United States*, 709 F.2d 160, 167 (2d Cir. 1983)) (emphasis in the original). It determined, therefore, that Defendant was denied counsel at her competency hearing, "regardless of her ability to prove prejudice." *Id.* The appropriate remedy for this violation, the Court of Appeals decided, was to remand the case to this court for an evidentiary hearing to determine whether it was possible to make a retrospective competency determination. Depending on the outcome of this determination, several options were possible:

> If [the court] is not able to make a retrospective competency determination, or if the court determines it can make a retrospective competency determination and it concludes that Bergman was incompetent, it must vacate the judgment, hold a hearing to determine Bergman's current competency status–at which she must be represented by counsel–and proceed to trial when she is competent. On the other hand, if it concludes that Bergman was competent in October 2007, the court may still, in its discretion, vacate Bergman's conviction and conduct a new trial.

599 F.3d at 1149.

Left unresolved was the question of ineffective assistance of counsel at trial. The Tenth Circuit decided that further development of the record was required before addressing the issue, including the extent of Hurst's representation of Defendant. Hurst's role would also determine whether to apply the ineffective assistance standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) or the constructive denial of counsel standard of *United States v. Cronic*, 466 U.S. 648, 659 (1984). 599 F.3d at 1150. "If the district court does not vacate her conviction on remand, [Defendant] may

3

pursue this claim through a collateral proceeding if she so chooses." *Id.*

After remand, I held several hearings to determine whether a retrospective competency hearing was appropriate, to determine Defendant's current competency to assist her counsel in a retrospective competency hearing, and, finally, to determine whether Defendant was competent at the time of her bench trial. ECF Nos. 556, 586, 588. I ultimately determined that Defendant was competent to stand trial in May 2008 and remained competent as of January 2011. ECF No. 629. I therefore determined that a new trial was not required on the grounds of incompetency.

Following this ruling, Defendant moved for a new trial, offering as grounds claimed new evidence that Hurst's involvement in Defendant's trial was *de minimis* and that Kieffer directed Defendant's defense in all meaningful ways, seeking to raise the issue of effectiveness of counsel.

## Discussion

Defendant submits evidence in the form of an affidavit from Defendant's current counsel, Daniel T. Smith, regarding an interview he held with Hurst on January 3, 2011. Ex. A attached to Motion for New Trial. ECF No. 631. According to Hurst, as relayed by Mr. Smith, Hurst had never participated in the trial of any matter at any trial court level prior to his role in Defendant's May 2008 trial. Hurst advised that he was unaware of Kieffer's lack of legal qualifications. Kieffer directed Hurst to perform very specific assigned tasks, including drafting a proposed Statement in Advance of Plea and proposed Plea Agreement, as well as to perform legal research regarding a forfeiture count. Hurst performed a cursory review of the government's discovery material for the purpose of removing redundant material and conducted no interviews of any witnesses.

Hurst was not involved in any expert witness issues and had no involvement in strategy discussions. Hurst did not meet Defendant until the day of trial and his only role at trial was to pass along questions from Defendant to Kieffer through notes. Hurst characterized his role in the trial as analogous to a paralegal or clerk, not as an advocate, and that he had no authority to perform any task that was not directed by Kieffer. Hurst did not speak to Defendant before filing Defendant's position statement regarding the propriety of entering a mistrial order. See ECF No. 631, 6-10. As discussed below, Hurst did not disclose most of this recollection when responding to my inquiry concerning mistrial, instead declaring himself "ready to continue his representation of Ms. Bergman through sentencing . . ." ECF No. 374 at p. 4.

Defendant argues that in these circumstances she was constructively denied effective assistance of counsel pursuant to the *Cronic* standard. Defendant contends that determination of these issues is required pursuant to the remand order of *Bergman II*.

In response, the government argues that Defendant's request is beyond the scope of the remand order and that the ineffective assistance claim should be brought in a collateral proceeding. It argues that my discretion regarding vacating the verdict is limited to issues regarding competency and that the statements offered here do not meet the requirements for newly discovered evidence under Fed. R. Crim. P. 33(b)(1). Rule 33 permits a district court, upon defendant's motion, to vacate any judgment and grant a new trial "if the interest of justice so requires." A motion seeking a new trial based on newly discovered evidence may be filed within three years of the verdict or finding of guilty, but one based on any other grounds must be filed within 14 days of the

verdict or finding of guilty. Fed. R. Crim. P. 33(b). In determining whether newly discovered evidence warrants a new trial, a defendant must show "(1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by her own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *United States v. Quintanilla*, 193 F.3d 1139, 1147 (10th Cir. 1999). Defendant argues that the evidence of Hurst's involvement in the trial does not satisfy the Tenth Circuit's requirements for granting a new trial based on newly discovered evidence, particularly since it is not likely to produce an acquittal.

I disagree with Defendant that the Tenth Circuit's remand order, standing alone, provides a legal basis for me to grant Defendant a new trial. Although the remand order gives me discretion to order a new trial even if I were to find Defendant was competent, my discretion is still constrained by the procedural rules that govern the granting of a new trial. I agree with the government that Defendant's motion does not satisfy the requirements of Rule 33. To the extent that the motion is based on newly discovered evidence, it does not satisfy the requirements of the Tenth Circuit's standard. The evidence does not go to the principal issues of Defendant's guilt or innocence but rather to whether her constitutional rights were protected during the process. Most critically, the evidence is not of a nature that a new trial would be likely to produce an acquittal given the strength of the evidence against Defendant. Other grounds for granting the motion such as in the interest of justice would be barred as untimely. Fed. R. Crim. P. 33(b)(2).

I note the Defendant's argument tied to my observation that the record did not provide basis for me to *sua sponte* order a new trial "without a further showing." It was not my intent in that order to invite yet another opportunity for Defendant to raise these issues. That opportunity was presented on multiple occasions, including to all counsel when Kieffer's fraud was discovered. Yet neither government counsel, Mr. Hurst, nor Ms. Eskesen asked for a new trial or mistrial. Indeed, somewhat inconsistently with the representations found in Mr. Smith's affidavit, Mr. Hurst's filing on behalf of Ms. Bergman in response to my July 8, 2008 order emphasized that he was an attorney in good standing yet acknowledged that there might have been the possibility that "pre-trial hearings before the court, at the least, denied [defendant] . . . effective assistance of counsel." ECF No. 374 at 3 (emphasis by Mr. Hurst). Mr. Hurst then expressly stated that the Defendant "takes no position on whether [Hurst's] mere presence at trial *could* cure any Ineffective Assistance . . ." *Id.* (emphasis by Mr. Hurst). He then acknowledges that there might be a potential conflict of interest yet concluded that he

> does not currently believe himself to present an actual conflict of interest with his client, Ms. Bergman, and remains ready to continue his representation of Ms. Bergman through sentencing and filing of any Notice of Appeal thereafter demanded. The potential for Ineffective Assistance claims lie, though, and might later become an actual conflict between the undersigned's and Ms. Bergman's interests. For the moment, though, the undersigned believes no actual conflict of interest exists on this point.

*Id.* at 4-5.

Regardless of whether what is now represented to be Hurst's position can be reconciled with this record, this is part of the record upon which my findings and conclusions have been based. I also observe that, in discussions with counsel following remand, ample

opportunity was provided to argue or present evidence at hearings concerning any entitlement to new trial and no such presentation was made.  For whatever reason, and despite many opportunities, the issues raised in Defendant's motion were never presented until after my findings and conclusions.  That does not mean that the Defendant is without remedy.

Rather, the issues in the motion are more appropriately addressed in a petition pursuant to 28 U.S.C. § 2255 based on denial of Defendant's right to counsel under the Sixth Amendment.  Given the Circuit's general preference for addressing such issues on collateral attack, *Bergman II*, 599 F.3d at 1149, I conclude that, at this time and given the state of the record before me, the appropriate procedure for Defendant is to file a petition for writ of habeas corpus and use the procedures governing section 2255 to seek relief, including any hearing on her claim.

Accordingly, it is ordered:

Defendant's Motion for New Trial Based on Newly Discovered Evidence (ECF No. 631) is denied.

DATED at Denver, Colorado, on July 12, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge