IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 11-cv-02017-WJM
(Criminal Action No. 04-cr-00180-WJM)

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

GWEN BERGMAN,

      Defendant/Movant.

---

## ORDER SETTING MOTION HEARING AND ORDERING SUR-REPLY

---

This matter is before Court on the Government's Motion to Set (ECF No. 745), to which Gwen Bergman has filed a Response (ECF No. 753), and the Government has filed a Reply (ECF No. 758) and a Supplement to the Reply (ECF No. 759).

On June 8, 2012, in Civil Action No. 11-02017, this Court granted Ms. Bergman's Motion to Vacate under 28 U.S.C. § 2255, vacated and set aside the judgment against her in the underlying criminal action (No. 04-cr-00180-WJM), and discharged Ms. Bergman from her remaining term of supervised release.  (ECF No. 741.)  Judgment was entered on June 13, 2012.  (ECF No. 742.)  The Government's Motion to Set is, in effect, a motion to reconsider this final Order in Civil Action No. 11-02017 on the grounds that the Court in this Order did not set a new trial.  *See* 28 U.S.C. § 2255(b) (providing that, if a § 2255 Motion is granted, the Court, as a proper remedy, "shall vacate and set the judgment aside and shall discharge the prisoner *or* resentence him *or* grant a new trial *or* correct the sentence as may appear appropriate") (emphasis

added).

In the Motion to Set, the Government asks the Court to set the date for a criminal

retrial of Ms. Bergman, stating that "the matter in 04-cr-00180-WJM is still pending," and

focusing primarily on how soon a retrial must occur under 18 U.S.C. § 3161(e).

In Response, Gwen Bergman states,

> [T]he court deliberately did not award [Ms. Bergman] a new trial.  She
> therefore objects to a trial setting herein.  A fair reading of the court's order
> is that she has discharged her sentence.  However, if the court determines
> that a new trial is authorized, Ms. Bergman agrees it must be held within
> the strictures of 3161(e).  Ms. Bergman reserves for another day whether
> other principles, such as double jeopardy, may bar retrial.

(ECF No. 753, at 3.)  However, Ms. Bergman then proceeds to argue, *inter alia*, that the

Court in the criminal manner lacked jurisdiction over the action, that double jeopardy

would bar any retrial of her, that the Speedy Trial Act would bar any retrial, that the

Government knew that Howard O. Kieffer was a fraud at the time of the underlying

criminal trial and should therefore be barred from retrying her, that she is entitled to a

return of the $30,000 which was the subject of the forfeiture charge before the forfeiture

charge was dismissed, that at the time of the alleged criminal misconduct she was

thought she was paying the money to a security company to protect her son, etc.

In its Reply, the Government argues why it is appropriate to retry Ms. Bergman,

and also separately briefs the issues of this Court's jurisdiction in the underlying criminal

case, that double jeopardy does not bar her retrial, and that the Speedy Trial Act does

not bar a retrial.

The Court considers the question of *whether* there should be a retrial of the

Defendant to be the critical first issue which must be decided at this juncture, before

other issues raised by the parties since June 8, 2012 should be considered including, without limitation, *when* such a trial should be scheduled, as well as concerns raised by the Government regarding the alleged hybrid representation of Ms. Bergman.

Accordingly, the Court orders Ms. Bergman to file a Sur-Reply brief to the Government's Reply (as supplemented) on or before July 13, 2012.  In the Sur-Reply, Ms. Bergman should focus primarily on the issue of whether this Court should order a retrial of her in the underlying criminal action given, among other things, (1) that she fully served her term of imprisonment on the criminal conviction, but (2) that she had only begun to serve her term of supervised release when the Court granted her Motion to Vacate under 28 U.S.C. § 2255, and that (3) not retrying her would mean she would not have a felony conviction on her record.  Ms. Bergman's Sur-Reply brief should be briefed with citations to legal authorities (if any) that support her position.  The Court notes that the majority of the other issues raised in Ms. Bergman's Response can be addressed in pre-trial motions, if a new trial is ordered.

The Court sets a hearing in this matter for July 26, 2012 at 3 p.m.  At the hearing, the parties should be prepared to present oral argument on whether a new trial should be ordered in the underlying criminal proceeding.  At the hearing, Ms. Bergman shall also be prepared to discuss her Motion to Reinstate Counsel, and specifically, if she is retried, whether she would be amenable to Mr. Cherner being appointed as her attorney in full (in which case should would not be proceeding *pro se*).  Mr. Cherner shall also be prepared to discuss, if there is a retrial, whether he would be amenable to being appointed in full as Ms. Bergman's attorney.

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1)     Ms. Bergman shall file the Sur-Reply brief described above on or before July 13,

        2012;

(2)     A hearing in this matter is set for July 26, 2012 at 3 p.m. in Courtroom A801 of

        the Alfred A. Arraj U.S. Courthouse in Denver, Colorado.


Dated this 29th day of June, 2012.

                                        BY THE COURT:

                                        _____
                                        William J. Martínez
                                        United States District Judge