**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 04-cr-0180-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.    GWEN BERGMAN**,

    Defendant.

---

**ORDER GRANTING MOTION TO SET TRIAL**

---

Defendant Gwen Bergman ("Defendant") is charged in this case with the use of interstate commerce facilities and mails in the commission of murder-for-hire in violation of 18 U.S.C. §§ 1958(a)-(b) and 18 U.S.C. § 2.[1] (ECF No. 271.) In the previous trial in this matter, which was held in May 2008, Defendant was represented by an individual who was not a licensed attorney. (*See* ECF No. 364.) Upon finding that this constituted ineffective assistance of counsel, the Court vacated Defendant's conviction and discharged her from the remainder of her sentence. (ECF No. 741.) The Court denied the Government's Motion to Set a new trial (ECF No. 775), and the Government appealed such denial (ECF No. 779). The Tenth Circuit Court of Appeals reversed the Court's refusal to permit a retrial. (ECF No. 803.) On June 2, 2014, the Tenth Circuit issued the Mandate remanding the case to this Court for further proceedings. (ECF No. 804.)

---

[1] Defendant was originally charged with two other counts in the Superseding Indictment in this matter, but the Government has moved for a trial only on this count. (*See* ECF Nos. 271, 814, 818.)

This matter is now before the Court on the Government's renewed Motion to Set Trial ("Motion"), filed on June 3, 2014.  (ECF No. 805.)  Defendant filed a Response opposing the Motion on June 11, 2014 (ECF No. 810), and the Government filed a Reply on June 30, 2014 (ECF No. 822).

## I.  DISCUSSION

The Government moves to set a new trial pursuant to 18 U.S.C. § 3161(d)(2), which states that a trial of a defendant whose indictment was dismissed by a trial court and reinstated following an appeal should commence within 70 days of "the date that the action occasioning the trial becomes final".  (ECF No. 805 at 1.)  Pursuant to § 3161(d)(2) and the Tenth Circuit's Order vacating the order that denied the Government's previous Motion to Set, it appears that the Court must set a new trial.  However, Defendant argues in her Response that she should not be retried, contending that: (1) this Court has the authority to bar a new trial; (2) on remand, the Court need only clarify its original order barring retrial; and (3) the passage of time has resulted in exceptional circumstances such that a new trial would be unjust or impossible.  (ECF No. 810.)

There is no dispute that the Court has the authority to bar a retrial in appropriate circumstances.  (*See* ECF No. 803 at 10 (holding that "this doesn't mean that a district court may *never* refuse to permit a new trial after finding a Sixth Amendment effective assistance violation") (emphasis in original).)  However, Defendant's argument confuses the existence of such authority with its appropriate exercise.  As the Tenth Circuit explicitly stated, "the presumptively appropriate remedy for an effective

assistance violation is a new trial". (*Id.* at 11.)  Because there was no basis in the record to find that retrial of Defendant was not the correct remedy in this matter, the Tenth Circuit held that the denial of a retrial was an abuse of the Court's discretion. (*Id.*)  The fact that the Court *could* refuse to set a new trial in the appropriate circumstances does not rebut the presumption that a retrial is the appropriate remedy here.

Alternatively, Defendant contends that the Court's order barring her retrial was ambiguous and, on remand, the Court need only clarify its original intention. (ECF No. 810 at 5-7 (arguing that "this case . . . was remanded to the district court to give effect to its original understanding of the order granting Ms. Bergman relief").)  Defendant misconstrues the Tenth Circuit's Order.  The Tenth Circuit discussed this alleged ambiguity in the context of a jurisdictional analysis, ultimately concluding that it had jurisdiction over the appeal because the Court's refusal to retry Defendant had the same practical effect as dismissal of the indictment. (*See* ECF No. 803 at 3-5.)  After reviewing the merits of the appeal, the Tenth Circuit held that the Court's refusal to set a new trial was an abuse of discretion, not that the Court's order was ambiguous and needed clarification. (*See id.* at 11.)  Accordingly, Defendant's clarification argument is not a basis to deny the Government's Motion.

Finally, Defendant argues that there is sufficient reason to bar a retrial here, because after the "passage of time retrial would be impossible because [of] loss of evidence, death of witnesses or incompetency or demen[t]ia and Constitutional violations." (ECF No. 810 at 8; *see also id.* at 3-4, 7.)  Defendant appears to be arguing that the circumstances articulated by the Tenth Circuit, under which "barring a new trial

may be an appropriately tailored remedy", exist here.  (*See* ECF No. 803 at 8.)  Defendant's contention echoes the example provided by the Tenth Circuit, wherein it stated that barring a new trial could be appropriate "[i]f so much time has passed and so many witnesses have died and so much evidence has been lost that not even Daniel Webster could provide constitutionally adequate representation . . . ."  (*Id.* at 10.)  Defendant refers to evidence that is "no longer available, [and] witnesses for [the] defense [who] have died or become incapacit[at]ed upon heart surgeries with loss of oxygen to brain and demen[t]ia."  (ECF No. 310 at 3-4.)  Despite these assertions, Defendant provides no factual basis on which the Court could find that the passage of time has fatally prejudiced her potential defense in this way.  Defendant fails to support or explain her allegation that constitutional violations prevent a retrial, fails to specify the evidence or testimony that has been lost to the passage of time, and fails to point to any such evidence in the record.

Rejection of the presumptively appropriate remedy—a new trial—in favor of ordering the "powerful remedy" of barring retrial "requir[es] powerful justification to qualify as tailored to the problem at hand".  (ECF No. 803 at 13.)  Defendant has supplied no such powerful justification here, and the Court finds none in the record.  Accordingly, the Court concludes that the presumptively appropriate remedy to the ineffective assistance of counsel is appropriate here, and that this matter shall be set for a new trial.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Government's Motion to Set Trial (ECF No. 805) is GRANTED; and

2. A five-day jury trial will be set by separate order.

Dated this 30th day of July, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge